NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLINT WALKER, | Civil Action No. 20-12803-SDW-AME |
| Plaintiff, | |
| v. | OPINION and ORDER |
| ROBERT CHETIRKIN, | |
| Defendant. | |

**ESPINOSA, U.S.M.J.**

This matter is before the Court on the motion filed by pro se plaintiff Clint Walker ("Plaintiff") for appointment of pro bono counsel, pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 49]. In the alternative, Plaintiff moves for consolidation of this action with *Williams v. Angelo*, Civil Action No. 20-7237 (the "Williams Action"). The Court has considered the written submissions and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the motion is denied.

**I.    BACKGROUND**

Plaintiff, a civilly committed resident of East Jersey State Prison's Special Treatment Unit ("STU"), filed this action on September 25, 2020, seeking relief under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment due process rights as a result of the conditions of his confinement related to the STU's protocols for handling the Covid-19 pandemic.[1] Among other things, the Complaint alleged Plaintiff was quarantined for thirty-seven days without receiving

---
[1] The Complaint was marked filed, without prepayment of fees, upon the Court's September 25, 2020 Order granting Plaintiff *in forma pauperis* ("IFP") status.

medical treatment for Covid, was subjected to prolonged lockdown and isolation periods, failed to receive mental health treatment for several months due to the lockdowns, and was exposed to correctional facility staff who were not properly tested for Covid. Based on these allegations, the Complaint asserted Section 1983 claims against Shantay Adams and Doreen Stazione, two individuals employed by the New Jersey Department of Health (the "DOH Defendants"); Sergeant Antonio Cordeiro, a corrections officer assigned as shift supervisor for Plaintiff's housing unit; and Marcus Sims, Assistant Supervisor for the New Jersey Department of Corrections. By Opinion and Order entered on January 31, 2022, the District Court granted the DOH Defendants' and Sergeant Costeiro's motions to dismiss, gave Plaintiff leave to file an Amended Complaint within thirty days to re-plead claims dismissed without prejudice, and extended the time to serve process on Sims under Federal Rule of Civil Procedure 4(m).

On June 27, 2023, Plaintiff filed his Amended Complaint.[2] The Amended Complaint does not attempt to revive the previously dismissed claims. Instead, it replaces defendant Sims with Robert Chetirkin, identified as the STU Administrator. To date, Chetirkin has not been served as required by Rule 4.[3]

On January 13, 2025, on notice to Plaintiff, the Court dismissed the action pursuant to Local Civil Rule 41.1, for failure to prosecute. Upon Plaintiff's letter request, the Court vacated the dismissal and restored the action to the active docket on February 18, 2025.

On March 25, 2025, Plaintiff filed this motion for appointment of pro bono counsel, or in the alternative, consolidation of this action with the Williams Action.

---

[2] The docket reflects the District Court relaxed the deadline for filing an amended pleading.
[3] Indeed, consistent with Plaintiff's IFP status, the United States Marshals Service (the "USM") attempted to effect service of the summons and Amended Complaint on Chetirkin. However, despite its efforts, the USM was not successful, noting in the Process Receipt and Return filed on March 15, 2024 that "this employee does not work at facility listed." D.E. 44.

**II.    DISCUSSION**

    **A.    Appointment of Counsel**

A civil litigant does not have a constitutional or statutory right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, appoint an attorney to represent a litigant who is unable to afford counsel. *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (holding the Court has broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e)).

Here, Plaintiff argues he needs legal representation because he lacks the legal knowledge expertise required to effectively present his case, an impediment to which he attributes the dismissal of his original Complaint. Plaintiff states he "has difficulty reading and understanding the instructions of the Court [and] Court Rules," does not know "how to format legal papers or submissions," and has had to rely on the assistance of another STU resident to prepare this motion for appointment of pro bon counsel. (Walker Cert. ¶ 11; Pl. Br. at 5.) Plaintiff also states he needs counsel because the STU's law library staff does not provide adequate assistance, noting they will not edit or format his documents. (Walker Cert. ¶¶ 9-10; Pl. Br. at 8.) In further support of his motion, Plaintiff asserts that in November 2022, he and over fifty other STU residents were forced to leave their rooms for a search of their section in the facility and that, when he returned, he "found his cell in total disarray," discovering a jar of floor wax had been dumped onto his files. (Walker Cert. ¶¶ 5-7; Pl. Br. at 11.) Maintaining that the STU's protocol and practices hinder his ability to prosecute this action, Plaintiff argues he should be assigned pro bono counsel because counsel has been appointed to other plaintiffs in actions involving STU's

misconduct, specifically its refusal to cooperate with Court orders in an action captioned *Parisi v. Wiggins*, Civil Action No. 23-372. (Walker Cert. ¶¶ 15-16; Pl. Br. at 12-13.)

To determine whether appointed counsel is warranted, the Court must apply the analysis established by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). Under the *Tabron* framework, the threshold issue is "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155.) If the claim has some merit, the Court should consider the following factors:

1. the plaintiff's ability to present his or her own case;

2. the difficulty of the particular legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. the plaintiff's capacity to retain counsel on his or her own behalf;

5. the extent to which a case is likely to turn on credibility determinations; and

6. whether the case will require the testimony of expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit "[has] noted that 'this list of factors is not exhaustive, but should serve as a guidepost for the district courts.'" *Id.* (quoting *Parham*, 126 F.3d at 457). It has also cautioned that care should be exercised in appointing counsel in civil actions, as "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58.

Here, the analysis need proceed no further than the threshold issue, as Plaintiff's action appears to lack legal or factual merit. His original Complaint was dismissed in its entirety for failure to state a claim upon which relief may be granted. Certain Section 1983 claims pled in the Complaint were dismissed with prejudice while others were found to be deficient based on the

4

facts alleged and dismissed without prejudice. Although he was given leave to file an Amended Complaint, Plaintiff did not attempt to cure pleading deficiencies as to the claims dismissed without prejudice. Instead, he filed a one-page Amended Complaint that names a sole defendant, Chetirkin, and contains no factual allegations whatsoever. Plaintiff fails to allege Chetirkin engaged in any wrongdoing and/or plead for any legal relief based thereon. In other words, the operative Amended Complaint is completely devoid of any substance. As such, the Court cannot discern any arguable merit to Plaintiff's action.

Moreover, on this record, the Court cannot perform a meaningful evaluation under the second step of the *Tabron* analysis. The Court lacks any information concerning the legal and factual nature of Plaintiff's claims and thus lacks a basis to consider, among other things, the difficulty of the issues, the need for factual investigation and expert testimony, and Plaintiff's ability to prosecute this case without counsel. The only factor the Court can properly consider on the available information is Plaintiff's financial ability to retain counsel, as he has been granted IFP status, but his inability to pay an attorney is not, by itself, a sufficient basis to appoint pro bono counsel.

*Tabron* articulated the two-step analysis for evaluating requests for appointment of pro bono counsel, recognizing "the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." 6 F.3d at 157. Where, as here, the action appears to lack any arguable merit, an essential component of the *Tabron* test is not satisfied. Thus, for the reasons discussed above, Plaintiff's request for pro bono counsel is denied.

**B.     Consolidation**

In the alternative, Plaintiff argues that if pro bono counsel is not appointed, "the Court should construe this motion as one for 'joinder' with Williams v. Angelo et al., Civil Action No. 2:20-cv-7237." (Pl. Br. at 14.) He maintains that his action should be joined with the Williams Action "based on the identity of events and facts giving rise to both complaints." (*Id.*) However, Plaintiff does not elaborate on how or why, in his view, the two actions are identical.

The Court construes Plaintiff's alternative request as a motion for consolidation. The Court has discretion under Federal Rule of Civil Procedure 42(a)(2) to consolidate actions if they present common questions of law or fact, *see Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."). Consolidation is appropriate if it would serve "to streamline and economize pretrial proceedings so as to avoid duplication of effort and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir 1999).

Here, the paucity of information set forth in the Amended Complaint prevents the Court from determining whether this action and the Williams Action present substantially similar questions of law and fact. Based on the slight detail available, it would appear the actions do not overlap in a manner that would warrant consolidation. This action is brought against defendant Chetirkin, whereas the Williams Action names completely different defendants. Moreover, this action in its very earliest stages, such that the sole defendant has not yet been served with a summons and Amended Complaint. In contrast, all discovery is complete in the Williams Action, which is now poised to proceed to the next stage of litigation, for resolution of the claims though settlement, or alternatively, motion practice and/or trial. *See* Civil Action No. 20-7237, Jan. 13,

2025 Order, D.E. 109. Even assuming some superficial similarity between the actions, there is no indication that consolidation would serve to streamline proceedings, conserve resources, and prevent conflicting outcomes. Thus, Plaintiff's request to consolidate this action with the Williams Action is denied.

**III.    CONCLUSION AND ORDER**

For the foregoing reasons, the Court concludes, in its discretion, that neither appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1) nor consolidation under Rule 42(a) is warranted. Accordingly,

**IT IS** on this 8th day of July 2025,

**ORDERED** that Plaintiff's motion for appointment of pro bono counsel, or in the alternative, to consolidate actions [D.E. 49] is **DENIED**.

/s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge